UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

ELISA POLANCO,

                                    Plaintiff,

                    -against-

CITY OF NEW YORK; Police Officer JEAN
JOSEPH, Shield No. 5238; Police Officer ALVIN
MARTINEZ, Shield No. 14369; Sergeant
EDWARD DEGIACOMO, Shield No. 3127; and
JOHN and JANE DOE 1 through 10, individually
and in their official capacities (the names John and
Jane Doe being fictitious, as the true names are
presently unknown),

                                    Defendants.

------------------------------------------------------------- x

**FIRST AMENDED
COMPLAINT**

15 CV 589 (PAC)

Jury Trial Demanded

## NATURE OF THE ACTION

1.      This is an action to recover money damages arising out of the violation

of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the

Fourth and Fourteenth Amendments to the Constitution of the United States.

3.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343

and 1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5.     This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6.     Plaintiff demands a trial by jury in this action.

## PARTIES

7.     Plaintiff Elisa Polanco ("plaintiff" or "Ms. Polanco") is a resident of New York County in the City and State of New York.

8.     Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9.     Defendant Police Officer Jean Joseph, Shield No. 5238 ("Joseph"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Joseph is sued in his individual and official capacities.

10.     Defendant Police Officer Alvin  Martinez,  Shield  No.  14369 ("Martinez"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Martinez is sued in his individual and official capacities.

11.     Defendant   Sergeant   Edward   Degiacomo,   Shield   No.   3127 ("Degiacomo"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Degiacomo is sued in his individual and official capacities.

12.     At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

13.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

14.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

15.     At approximately 10:00 p.m. on October 29, 2013, Ms. Polanco was lawfully inside of an apartment building located at 529 West 133rd Street in Manhattan.

16.     Without probable cause or reasonable suspicion to believe she had committed any crime or offense, defendants stopped Ms. Polanco, assaulted and battered her, including forcing her to the ground.

17.     Defendants, two male officers, sat on Ms. Polanco as she was tightly handcuffed and falsely arrested.

18.     Plaintiff was eventually taken to a police precinct.

19.     Although Ms. Polanco had done nothing illegal, defendants falsely accused her of engaging in disorderly conduct and resisting arrest.

20.     At no point did the officers observe plaintiff commit any crime or offense.

21.     Plaintiff was eventually taken to Manhattan Central Booking where she was arraigned and released on her own recognizance.

22.     After approximately fifteen hours in custody, plaintiff was released.

23.     Following her release from custody, Ms. Polanco obtained treatment for her injuries.

24.     Plaintiff returned to court over a period of months before receiving an adjournment in contemplation of dismissal.

25.     Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

26.     At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

27.     This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

-4-

28.     Ms. Polanco suffered damage as a result of defendants' actions.  Plaintiff was deprived of her liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to her reputation.

## FIRST CLAIM
### Unlawful Stop and Search

29.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

30.     Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

31.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

32.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

34.      As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
## State Law False Imprisonment and False Arrest

35.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36.     By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

37.     Plaintiff was conscious of her confinement.

38.     Plaintiff did not consent to her confinement.

39.     Plaintiff's confinement was not otherwise privileged.

40.     Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

41.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
## Unreasonable Force

42.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43.     The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

44.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### State Law Assault and Battery

45.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46.     By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered her.

47.     Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

48.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SIXTH CLAIM
### Negligent Hiring, Training and Retention

49.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

50.     Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a

reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

51.     Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

52.     Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

53.     Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

54.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

**SEVENTH CLAIM**
**Negligent Infliction of Emotional Distress**

55.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

56.     By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended

detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiff.

57.     The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

58.     Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

59.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Failure To Intervene

60.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

61.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

62.     Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

63.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a)  Compensatory damages against all defendants, jointly and severally;

(b)  Punitive damages against the individual defendants, jointly and severally;

(c)  Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d)  Such other and further relief as this Court deems just and proper.

Dated:       July 22, 2015
             New York, New York

HARVIS WRIGHT & FETT LLP

_____
Baree N. Fett
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
bfett@hwf.nyc

*Attorneys for plaintiff*